**NOT FOR PUBLICATION**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| In Re:<br>Felicito Antonio and<br>Purisima Antonio,<br><br>Debtors. | Case No.: 18-29895-ABA<br><br>Chapter: 7<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Hearing Date: May 31, 2022 |

## MEMORANDUM DECISION

Before the court is the *pro se* debtors' *Motion for Reconsideration*, Doc. No. 42 ("Reconsideration Motion"), of the court's decision on their *Motion to Compel Alli Grimmer Isbert, and Foundation Title, LLC to release our money held by them illegally, in addition to Motion For Other Sanctions re: illegal conducts. Sanctions.* Doc. No. 34 ("Motion to Compel"). On April 26, 2022, the court entered an *Order Granting Motion to Reopen and Denying Motion to Compel* explaining why the relief granted with regard to the debtors' sanctions request was not warranted. Doc. No. 39. For the reasons that follow, the court denies the Motion for Reconsideration.

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012, referring all bankruptcy cases to the bankruptcy court. The debtors appeared at the hearing on the Reconsideration Motion and the record is complete and the matter ripe for disposition. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

The debtors filed a no asset chapter 7 case on October 5, 2018. On their petition, the debtors disclosed ownership of their home at 339 South Broadway, Pennsville New Jersey (the "Residence"). *See* Doc. No. 1, p. 2 and Doc. No. 20, p. 3. The debtors did not claim an exemption in their Residence. *See* Doc. No. 20, p. 13.

On their Petition, the debtors listed, among others, debts related to three prepetition judgment liens as general unsecured debts owed to Midland Funding in the amount of $13,459, Discover Financial Services LLC in the amount of $13,040, and Midland Funding in the amount

of $1,453. Doc. No. 1, pp. 16, 18, 30. Because this was a no asset chapter 7 case, creditors were not required to file proofs of claim in the case. *See Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir. 1996); FRBP 2002(e); *Official Form 309A (For Individuals or Joint Debtors)*, Doc. No. 2.

As noted, all three of these debts were reduced to judgment prior to the filing of the bankruptcy case as follows:

| **Creditor** | **Judgment No.** | **Date Docketed** |
|---|---|---|
| Midland Funding LLC | J-166151-2018 | 10/01/18 |
| Discover Bank | DJ-041901-2018 | 03/16/18 |
| Midland Funding | DJ-113605-2018 | 07/11/18 |

*See* Doc. No. 34, ex. 3 and 42, exs. 3-5 (collectively, the "Judgment Liens"). The debtors took no affirmative action during the course of their bankruptcy case to avoid the Judgment Liens. The debtors received their discharge on February 1, 2019. *See* Doc. No. 31. The case was closed February 4, 2019. *See* Doc. No. 33.

In April 2021, the debtors sold their Residence. Doc. No. 34-1, ¶ 8. However, at closing, the title agency withheld $32,000 in escrow to pay the Judgment Liens. *Id.*, ¶ 10; Doc. No. 42-3, ex. 2. In an April 2021 email, the title agency explained to the debtors its reason for doing this by stating:

> Per our phone conversation, We [sic] need to hold $32,000 in the seller's proceeds for those three direct judgments. These judgments were covered in Bankruptcy but not discharged. We need an order from the bankruptcy judge to avoid liens.
>
> If the Sellers did work with a Bankruptcy Attorney, we would accept a formal letter from their Attorney stating that he/she will be pursuing that Bankruptcy Order to Avoid Liens.

Doc. No. 34, ex.5 and Doc, No. 42-3, p. 2. The debtors did not file any motion to avoid the Judgment Liens.

Instead, on February 1, 2022, almost a year later, the debtors filed their Motion to Compel seeking a turnover of the funds held in escrow and to sanction the title agency and its representative for failing to do so. The debtors failed to appear at the hearing on the Motion to Compel. Ultimately, the court denied the Motion to Compel and request for sanctions, explaining:

> **WHEREAS**, the debtors seek to reopen their case to obtain an order compelling Alli Grimmer Isbert and Foundation Title, LLC, to release funds to them held for secured creditors Discover Bank and Midland Funding and for sanctions for their failure to do so. However, the court finds that neither Alli Grimmer Isbert and Foundation Title, LLC can be compelled to release funds nor can they be sanctioned for their failure to do so because, as Ms. Isbert correctly stated in an email attached to the debtors' motion, those creditors' perfected judicial liens survived the debtors' discharge as a matter of law. The creditors' *in rem* rights (security interests) against the debtors' property remain, *see* 11 U.S.C. § 522(c)(2)(A). *See also Johnson v.*

> *Home State Bank*, 501U.S. 78 (1991), as the debtors did not avoid them pursuant to 11 U.S.C. § 522(f) and/or any other basis under §522(c)(2)(A) and/or any other basis under the Bankruptcy Code;

Doc. No. 39. Nevertheless, the court reopened the case to allow the debtors to request any proper relief with regard to the Judgment Liens. *Id*. Instead of filing a motion to avoid the liens, the debtors simply filed the Reconsideration Motion offering nothing new or not known at the time of the filing of the Motion to Compel and/or the entry of the Order on April 26, 2022. What is more, at the hearing on the Reconsideration Motion, the debtors appeared and offered nothing new other than what was previously set forth in the Motion to Compel.

## DISCUSSION

Essentially, the debtors seek reconsideration to present the court with documents showing that all three judgements concerned credit card debts unrelated to the real property that they sold. They argue that the debts are not *in rem* and therefore were discharged through their chapter 7 case. As will be explained below, the debtors are just wrong with their understanding of the law.

But first, the debtors did not state under what rule of procedure they proceed, however "[w]hen a reconsideration motion is filed within fourteen (14) days of the judgment, it may be treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). (*See* Fed. R. Bankr. P. 9023)." *In re Grigg*, ADV 12-7008-JAD, 2013 WL 5310207, at *1 (Bankr. W.D. Pa. Sept. 20, 2013). This court then is guided by the following:

> '[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'

*United States v. Britton*, 21-1728, 2021 WL 4439248, at *1 (3d Cir. Sept. 28, 2021) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

As the debtors do not cite any change in controlling law and the court is unaware of any, and all the evidence regarding the entry of judgments was available when the court denied the Motion to Compel, the court concludes that the debtors must be seeking to correct a clear error of law or fact or to prevent manifest injustice.

Unfortunately for the debtors, it is not the court committing a clear error of law – but rather the debtors are — as the Judgment Liens are indeed *in rem*. As parties proceeding pro se, they can be forgiven for not knowing that "[i]n New Jersey, a judgment becomes a lien on all of a debtor's real property located in the state when it is recorded on the docket of the Clerk of the Superior Court. *In re Hamilton,* 286 B.R. 291, 292–293 (Bankr. D.N.J. 2002). N.J.S.A. 2A:17-17 provides:

> All real estate shall be liable to be levied upon and sold by executions to be issued on judgments obtained in any court of record in this State . . . for the payment and satisfaction of the debt, damages, sum of money and costs so recovered or to be recovered[.]

N.J.S.A. 2A:17-17. *See Matter of Blease*, 605 F.2d 97, 98 (3d Cir. 1979) ("The docketing of a judgment in the Superior Court of New Jersey creates a lien upon the judgment debtor's real estate from the date the judgment is docketed.").

Here, the debtors themselves provided proof positive that the Judgment Liens are docketed judgments. Doc. No. 42, exs. 3-5. Accordingly, under New Jersey law, they became secured claims against the debtors' real property that had to be paid from the proceeds of the sale of the property. *In re Sheckard*, 386 B.R. 118, 129 (Bankr. E.D. Pa. 2008), *aff'd,* 394 B.R. 56 (E.D. Pa. 2008) ("the encumbering effect of the lien has been, in effect, transferred to the escrowed proceeds of the sale."). Consequently, the docketed Judgment Liens created secured claims or "*in rem*" rights against the debtors' Residence in favor of the creditors that obtained them.

And, although the discharge that the debtors obtained in their chapter 7 case under section 727 generally discharged them from debts that arose before the date they filed bankruptcy, 11 U.S.C. § 727(b), the bankruptcy discharge does not eliminate all debts. Rather, a "discharge" only extinguishes a debtor's personal liability or "*in personam*" liability. 11 U.S.C. § 524(a)(1); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). In fact, secured claims are not affected: they are said to "survive" or "pass through" the bankruptcy. Secured claims attach to the property. *Johnson*, 83 (citing *Owen v. Owen,* 500 U.S. 305, 308–309 (1991); *Farrey v. Sanderfoot,* 500 U.S. 291, 297 (1991); H.R. Rep. No. 95–595, at 361)). Here, the debtors have been discharged of their *in personam* liability for the Judgment Liens and they are no longer personally for the debt. However, their Residence remained subject to the Judgment Liens due to the *in rem* liability.

The Bankruptcy Code does protect some property from being liable for debts of a debtor after bankruptcy other than through the discharge. For example, 11 U.S.C. § 522 allows a debtor to exempt certain property. Section 522(f) or (g) provides debtors with relief from debts against exempted property. 11 U.S.C. § 522(c)(2)(A)(i). In fact, section 522(f), assuming the formula laid out therein is properly pled and the necessary elements are satisfied, allows debtors to avoid judgment liens, such as the Judgment Liens in this case. But in this case, the debtors took no steps during the pendency of their bankruptcy case to avoid the Judgment Liens against their Residence and as such, they remain in place against the residence. Had these debtors avoided the Judgment Liens, then those claims would have lost their secured status, and the debts would have been discharged.

The title agency tried to guide the debtors down the right path to obtain the relief they sought. Instead, almost a year later, they ignore the guidance provided, compel a turnover and demand sanctions even though the title agency and its representative followed the law. This court also through its Order denying the Motion to Compel, Doc. No. 39, tried to guide the debtors down the right path to obtain the relief they seek, but instead of filing the proper motion, they just ask the court to reconsider its Order and still press for a turnover and for sanctions—with no change in circumstances. To be clear, the title agency was proper in placing the funds in escrow in accordance with the law. Assuming it is still in possession of the escrowed funds, the title agency should not release any funds to the debtors until an order avoiding the liens is actually entered. Also, advising the debtors to obtain an order from the bankruptcy court (a relatively simple task) was appropriate and not in violation of any statute or Rule. The imposition of sanctions for following the law is unfounded, and the Reconsideration Motion must be denied.

But all is not lost for the debtors. Debtors that have not avoided liens during their chapter 7 cases may reopen their cases to do so later. *See, e.g.*, *In re Ricks*, 89 B.R. 73, 76 (B.A.P. 9th Cir. 1988); *In re Sheckard*, 386 B.R. 118 (Bankr. E.D. Pa. 2008), *aff'd,* 394 B.R. 56 (E.D. Pa. 2008) (permitting reopening of case and avoidance of judicial lien two and a half years after closing of chapter 7 case); 3 Collier on Bankruptcy, ¶ 350.03[3] (16th 2022) (stating that majority of courts allow a debtor to reopen a case to file a lien avoidance action "unless the creditor has been unduly prejudiced by delay on the debtor's part."). The debtor must show that the lien impairs an exemption to which the debtor would have been entitled under section 522(b).[1] 11 U.S.C. § 522(f); *Owen v. Owen*, 500 U.S. 305, 310 (1991). The debtor's exemption is considered impaired to the extent that the sum of the judicial lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. 11 U.S.C. § 522(f)(2)(A). Under the section 522(d) exemptions, each debtor may exempt $25,150 in value of property the debtor uses as a residence. 11 U.S.C. § 522(d)(1). The court cautions the debtors that any motion under section 522(f) **_must be properly served on the creditors_** in accordance with Federal Rules or the court will have no choice but to deny that motion.

Whether the debtors here are too late to avoid these judicial liens is not for the court to determine now: should they file a Motion to Avoid Liens now that their case has been reopened, they would have to serve the various lien creditors with the motion, and the court would thereafter consider any objection to avoidance.

## CONCLUSION

Accordingly, this court denies the debtors' Motion to Reconsider.

An appropriate judgment has been entered consistent with this decision.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: May 31, 2022

---

[1] Thus, it does not matter that the debtors did not originally claim any exemptions.